IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard James Skaggs,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, Arizona Attorney General,<br><br>  Respondents. | No. CV 14-00151 PHX JAT MEA<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about January 27, 2014. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12) on June 25, 2014. Petitioner filed a reply to the answer to his petition on October 9, 2014. See Doc. 15.

**I Procedural History**

A Maricopa County grand jury indictment returned November 1, 2004, charged Petitioner with one count of first-degree murder, alleged to have occurred on July 28, 2002. See Answer, Exh. A. The Arizona Court of Appeals summarized the facts underlying Petitioner's ultimate conviction: as follows

> On July 28, 2002, [Skaggs] and two friends, Patrick H. and Oliver P., shot and killed their acquaintance, Mark B., in Patrick H.'s apartment and subsequently disposed of his body in a dumpster. The victim's body was never found. The motive for the killing was either a disagreement between [Skaggs] and the victim caused by the victim's conduct towards a woman employee of ... a strip club they both frequented, or the fact that [Skaggs]

> needed money and decided to rob the victim.
>
> \*\*\*
>
> In mid-August 2002, [Skaggs] and Patrick H. moved to Seattle, Washington, "[t]o get away from the cops." Patrick H. was arrested there in December 2002 on a probation violation for leaving Arizona without permission. On October 1, 2004, Patrick H. eventually entered into a plea agreement in which he pled guilty to the charge of manslaughter, a Class 2 non-dangerous felony, in exchange for his truthful testimony against [Skaggs] and Oliver P.

Id., Exh. I at 2 & 9.

On September 18, 2006, after a thirteen-day trial, a jury found Petitioner guilty of first-degree murder. Id., Exh. B. On January 12, 2007, Petitioner was sentenced to serve a term of life imprisonment without parole pursuant to this conviction. Id., Exh. C.

Petitioner took a timely direct appeal of his conviction and sentence. Petitioner asserted in his direct appeal that: (1) the state wrongfully sequenced or "piecemealed" its prosecution of a criminal episode in order to impeach Petitioner with a conviction for a crime which occurred at the same time as the crime being tried; (2) Arizona should adopt California common law and prohibit long delays between the close of evidence and the start of the jury's deliberations, such as the eleven-day delay in the instant case; (3) the trial judge wrongfully dismissed a deliberating juror for juror misconduct without giving that juror a chance to be heard. Id., Exh. D & Exh. E.

At Petitioner's request, the Arizona Court of Appeals held oral argument on the issues raised in Petitioner's direct appeal. Id., Exh. ZZ at 3. The Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a memorandum decision issued May 27, 2008. Id., Exh. I. Petitioner sought review by the Arizona Supreme Court. Id., Exhs. K & L. In addition to the three issues presented to the Arizona Court of Appeals, Petitioner presented an additional issue to the Arizona Supreme Court, alleging one of the state's witnesses gave false testimony and that the state should have corrected the testimony and the testimony "should have been excluded." Id., Exh. L. The Arizona Supreme Court summarily denied review in Petitioner's direct appeal on December 22, 2008. Id., Exh. M.

On December 28, 2008, Petitioner initiated a timely action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. O. Petitioner was appointed counsel to represent him in his Rule 32 proceedings. Id., Exh. P.  In his Rule 32 action Petitioner alleged several ineffective assistance of trial counsel claims. Id., Exh. R.  In a decision entered March 30, 2010, the state trial court considered Petitioner's claims and determined that Petitioner had not established that his trial counsel's performance was deficient or that he was prejudiced by any alleged deficiency and, accordingly, the court found he was not denied his right to the effective assistance of counsel pursuant to the test stated in Strickland v. Washington. Id., Exh. W.  Petitioner sought review of this decision by the Arizona Court of Appeals. Id., Exh. BB.  The Arizona Court of Appeals denied review in a decision entered November 17, 2011. Id., Exh. FF.

Petitioner initiated a second Rule 32 action on March 24, 2012. Id., Exh. GG. Petitioner asserted he had newly discovered facts establishing his actual innocence. Id., Exh. GG.  On April 20, 2012, the trial court dismissed the second Rule 32 action, stating:

> The defendant claims, pursuant to Ariz. R. Crim. P. 32.1(a), that his conviction and sentence were obtained in violation of his constitutional rights. Specifically, the defendant claims that the manner in which the state obtained an indictment against him was in violation of due process. The defendant cannot raise a claim of this nature in an untimely or successive notice of post-conviction relief. See Ariz. R. Crim. P. 32.4(a). Additionally, the defendant could have raised this issue on direct appeal but failed to do so. Therefore, the defendant is now procedurally precluded from raising the issue in Rule 32 proceedings. See Ariz. R. Crim. P. 32.2(a)(1).

Id., Exh. HH at 1–2.  The state trial court concluded Petitioner had "fail[ed] to state a claim for which relief can be granted in an untimely or successive Rule 32 proceeding," citing Rule 32.4(a), and dismissed the action as untimely and successive. Id., Exh. HH at 2.

Petitioner filed his federal habeas action on January 14, 2014.  Petitioner asserts, as construed by Respondents:

> Ground 1: Skaggs alleges violations of the Fourth, Fifth, and Fourteenth Amendments, and Federal Rules of Evidence 403 and 608. Skaggs generally alleges that he was "wrongfully accused" and "misrepresented by ineffective counselors." Skaggs claims that someone else "openly admitted and confessed" to first-degree murder as part of plea agreements, and states neither the grand jury nor the trial jury was made aware of the confession. He claims he did not receive a fair trial as a result.
> Ground 2: Skaggs states his Fifth and Fourteenth Amendment "rights [to] a speedy trial and due process of the law" were violated. He alleges his right to due process was violated because he was not allowed to be present at the Grand Jury hearing. He asserts that witnesses were "allowed to testify falsely against [him]," and the prosecutor used "perjured testimony." He also seems to claim that his prior convictions were improperly used to "mislead the judge" and to cause "prejudice."
> Ground 3: Skaggs asserts his Sixth, Ninth, and Fourteenth Amendment rights were violated. He claims he "did not receive a 'fair trial' when [he] constantly complained about the racial (make-up) of the jury" when there were no jurors of "Puerto Rican, Mexican, and African American" descent and Skaggs "is of Puerto Rican descent," and the jurors "were all 'whites.'" Skaggs also generally claims that his counsel was "solely committed [to] pleasing both the prosecution and the court" and his counsel persuaded him "to make decisions that [were] not in [his] best interest."
> Ground 4: Skaggs asserts violations of the Eighth Amendment and Rule 33(a) of the Federal Rules of Criminal Procedure. Skaggs asserts he is innocent and claims others have confessed to committing the murder for which he was "indicted, tried, and convicted." He claims witnesses "were intimated not to testify openly and honestly" on his behalf.
> (Dkt. #1, at 5–9.)

Id. at 10-11.

Respondents contend the petition for federal habeas relief was not timely filed.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions generally begins to run on "the

date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). See also, e.g., Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

At the conclusion of Petitioner's direct appeal, Petitioner filed a state action for state post-conviction relief, which tolled the running of the one-year statute of limitations. The Arizona Court of Appeals denied review of the trial court's decision denying relief in Petitioner's Rule 32 action in a decision entered November 17, 2011. Petitioner did not seek review of this decision by the Arizona Supreme Court. Therefore, the statute of limitations on Petitioner's federal habeas action began to run on December 17, 2011, when the time expired to seek review, and expired on December 17, 2012. Petitioner's second Rule 32 action for state post-conviction relief did not toll the statute of limitations because this action was not "properly filed. See Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005); Allen v. Siebert, 552 U.S. 3, 5–7, 128 S. Ct. 2 (2007) (holding that the Pace rule applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter"); Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009) (rejecting contention that state must prove that rules concerning time bars are "firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling").

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418, 125 S.

Ct. at 1814-15.  See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009).  In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008.  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action.  See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011.  Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction.  See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted.  See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000).  Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959.  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  See, e.g., id., 620 F.3d at 959; Espinoza Matthews, 432 F.3d at 1026.

In reply to the answer to his habeas petition, Petitioner re-asserts that he is innocent and that a witness lied to grand jury and at trial.  Petitioner states, with regard to the timeliness of his petition: "The instant Petitioner request for Writ of Habeas Corpus

- 6 -

should be reconsidered for the seriousness of the matter, that this is an person is currently serving Natuaral-Life!! for crimes he didn't committ.(sic)" Doc. 15.

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations. Compare Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the circumstances of cases determined before and after Holland). A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). The vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner has not made a showing of any new evidence. Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

**III Conclusion**

Petitioner did not file the habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED that** Mr. Skagg's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

Dated this 15th day of October, 2014.

_____
Mark E. Aspey
United States Magistrate Judge